UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE:
**Tanya Magaly Flores-Alhamdan**

Debtor

CASE NO: 18-50765 K

Honorable Ronald B. King

## TRUSTEE'S MOTION TO DISMISS CHAPTER 13 CASE

THE DEBTOR, OR PARTY IN INTEREST, MUST FILE A WRITTEN RESPONSE OR A MOTION TO MODIFY PLAN IN RESPONSE WITH THE CLERK WITHIN TWENTY ONE (21) DAYS OF THE DATE OF SERVICE OF THIS MOTION. FAILURE TO DO SO MAY RESULT IN THE ENTRY OF AN ORDER TO DISMISS CASE WITHOUT A HEARING. IF A RESPONSE OR MOTION TO MODIFY PLAN IN RESPONSE IS TIMELY FILED A HEARING WILL BE HELD ON THIS MOTION AT COURTROOM #1, U. S. POST OFFICE BUILDING, 615 E. HOUSTON STREET, SAN ANTONIO, TEXAS, ON DECEMBER 02, 2021 AT 9:30 A.M.

**NOW COMES** Mary K. Viegelahn, Trustee, in the above captioned case, and files a Trustee's Motion to Dismiss Chapter 13 Case; and states as follows:

According to Debtor's 2020 tax return and the Schedule A and Forms 8283 filed with the return, Debtor made some gifts to Goodwill including, but not limited to, a wooden entertainment center with a scheduled fair market value of $3,500; leather sofa set and end tables with a scheduled fair market value of $4,800; toddler toys with a scheduled fair market value of $2,200; washer and dryer with a scheduled fair market value of $1500 for a total of $12,000. On Schedule A/B (ECF NO. 1) Debtor lists household goods and furnishings with a scheduled value of $6,000. The Trustee requests Debtor provide proof the above-described items with scheduled fair market values totaling $12,000 gifted in 2020 were included in the $6,000 household goods listed on her Schedule A/B (ECF No. 1) and why the values are different.

The Trustee also requests Debtor provide proof she has not violated the October 16, 2017 standing order providing that Debtor shall not, without Court approval, transfer or dispose of assets, unless it is an exempt asset with a value of less than $2,500.00.

The Trustee submits Debtor has a continuing duty to disclose including compliance with the local standing order and said failure to disclose and/or comply is grounds for dismissal of her case.

The Trustee requests that in the event a hearing is held that the Court holds that any funds held by the Trustee at the time of dismissal shall not re-vest in the Debtor pursuant to 11 U.S.C. §349(b)(3), and that such funds be disbursed by the Trustee to creditors pursuant to the plan as confirmed or modified and pursuant to 11 U.S.C. §1326(a)(2).

Cause exists to dismiss this case.

**WHEREFORE,** the Trustee respectfully requests that this Court finds that cause exists pursuant to 11 U.S.C. §1307(c), to dismiss this case, that cause exists pursuant to 11 U.S.C. §349(b)(3) to disburse any funds held by the Trustee to creditors pursuant to the Plan, and to discharge the Trustee from her trust and sureties in connection with this case, and for such other relief as this Court may deem proper.

Dated: 10/13/2021            */S/ DAVID W. VAN ZYL*
                                      **DAVID W. VAN ZYL P39875 (MI)**
                                      **STAFF ATTORNEY FOR THE CHAPTER 13 TRUSTEE**
                                      **dvanzyl@sach13.com**
                                      **10500 Heritage Blvd, Ste. 201**
                                      **San Antonio, TX 78216**
                                      **(210) 824-1460 fax:(210) 824-1328**